UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 18-7437 PA (AGRx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Daniel R. Allemeier Jr. v. Zyppah, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Compel Arbitration (Docket No. 5) filed by petitioner Daniel R. Allemeier Jr. ("Petitioner"). Petitioner has also filed a Request for Leave to Supplement Petitioner's Motion to Compel Arbitration. (Docket No. 6.) Respondent Zyppah, Inc. ("Zyppah") has filed an Opposition (Docket No. 21), and Petitioner has filed a Reply (Docket No. 22). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

I.     **Factual and Procedural Background**

Petitioner brings this action to compel Zyppah to participate in arbitration relating to Petitioner's prior employment with Zyppah. Petitioner commenced this action by filing a Statutory Petition to Compel Arbitration Pursuant to Section 4 of the Federal Arbitration Act ("Petition") in the Southern District of California on June 1, 2018. (Docket No. 1.) Petitioner filed his Motion on August 8, 2018, and the case was transferred to this District shortly thereafter.

Petitioner began working for Zyppah on January 9, 2017 as the President of its Professional Division, and the parties executed an Employment Agreement on January 20, 2017. (Pet. ¶¶ 12-14; Allemeier Decl. ¶¶ 4, 10, Docket No. 6-1[1]; Greenburg Decl. ¶¶ 7, 9, Docket No. 21-1.) Pursuant to the Employment Agreement, Petitioner was hired for a two-year term of employment subject to an initial 90-day probationary period, after which Petitioner could only be terminated for cause. (Allemeier Decl. ¶¶ 5, 7; see Pet'r's Ex. 1 at 1, 7, Docket No. 1-2; Greenburg Decl. Ex. A at 1, 7.) Disagreements later arose between the parties, and Petitioner was given 30 days' notice of his termination in a letter dated July 27, 2017. (Pet. ¶¶ 17, 18; Greenburg Decl. ¶ 9; Pet'r's Ex. 2.)

---

[1]     With his Request, Petitioner seeks to submit his declaration, which he states was inadvertently omitted from his Motion. (See Docket No. 6.) Zyppah has not opposed Petitioner's Request. Accordingly, Petitioner's Request is granted, and the Court considers Petitioner's declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7437 PA (AGRx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Daniel R. Allemeier Jr. v. Zyppah, Inc. | | |

Petitioner's Employment Agreement included the following:

> **Arbitration.** Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Employment Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

(Pet'r's Ex. 1 at 7; Greenburg Decl. Ex. A at 7.) Pursuant to that provision, on September 15, 2017, Petitioner filed a Demand for Arbitration with the American Arbitration Association ("AAA"), seeking arbitration in Los Angeles, California relating to his termination. (Pet. ¶ 19; Pet'r's Ex. 3; Allemeier Decl. ¶¶ 12-13; Davidson Decl. ¶ 3, Docket No. 21-2; Davidson Decl. Ex. A.)

On September 18, 2017, the AAA sent a letter to the parties stating that Petitioner had paid his portion of the required filing fee and informing Zyppah that it was required to pay the $1,500 balance by September 28, 2017. (Pet. ¶ 20; Pet'r's Ex. 4; Davidson Decl. ¶ 4; Davidson Decl. Ex. B.) Zyppah responded in a September 27, 2017 letter that the AAA had misclassified the dispute and Zyppah did not owe any portion of the filing fee, and that Los Angeles was not a proper venue for the arbitration. (Pet. ¶ 21; Pet'r's Ex. 5; Davidson Decl. ¶ 5; Davidson Decl. Ex. C.) After allowing Petitioner to respond, on October 18, 2017, the AAA reaffirmed its request that Zyppah pay the $1,500, set a deadline of October 30, 2017 for payment, and stated that Zyppah could raise the issues of classification and arbitral venue with the arbitrator. (Pet. ¶ 22; Pet'r's Ex. 7.) The AAA reiterated its request in an email on October 31, 2017, setting a new deadline for payment of November 10, 2017. (Pet. ¶ 22; Pet'r's Ex. 8.)

Rather than paying its portion of the filing fee, Zyppah filed a petition to compel arbitration against Petitioner in the District of Nevada. The court ultimately concluded that Zyppah was not entitled to relief under the Federal Arbitration Act because Petitioner had not refused to arbitrate and that Zyppah had to raise the issue of arbitral venue with the arbitrator. Zyppah's petition was dismissed on April 24, 2018. (Pet. ¶¶ 23-25.) See Zyppah, Inc. v. Allemeier, No. 2:17-cv-02840-JAD-PAL, 2018 WL 1932887 (D. Nev. Apr. 24, 2018).

On April 26, Petitioner informed the AAA of the Nevada case's conclusion and requested that the arbitration be reinstated. (Pet. ¶ 26; Pet'r's Ex. 12.) In a letter dated May 1, 2018, the AAA informed the parties that the arbitration in Los Angeles would proceed, and it requested that Zyppah pay its portion of the filing fee by May 8, 2018. (Pet. ¶ 26; Pet'r's Ex. 13.) An AAA manager sent another letter to the parties on May 9, 2018, stating that Zyppah still had not paid its portion of the filing fee and that if the balance was not paid in full, the arbitration could be suspended or terminated. (Pet. ¶ 27; Pet'r's Ex. 14.) By email on May 15, 2018, counsel for Zyppah stated that it would not pay any portion of the filing fee. (Pet. ¶ 28; Pet'r's Ex. 15.) The AAA manager then informed Petitioner that he could pay Zyppah's portion of the filing fee, which would allow the arbitration to proceed, but that "[a]bsent agreement by Claimant to pay the fee, the AAA will be closing our file." (Davidson Decl. ¶ 6; Davidson Decl. Ex. D.) Petitioner declined to pay Zyppah's portion of the fee, and on May 25, 2018, the AAA

Case 2:18-cv-07437-PA-AGR   Document 23   Filed 09/21/18   Page 3 of 5   Page ID #:338

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7437 PA (AGRx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Daniel R. Allemeier Jr. v. Zyppah, Inc. | | |

manager sent a letter informing the parties that the arbitration was "being closed administratively as of the date of [the] letter due to the Employer's noncompliance of their employment contract to pay the costs of this Arbitration." (Davidson Decl. ¶ 7; Davidson Decl. Exs. E, F; Pet. ¶ 28; Pet'r's Ex. 16.) In an August 29, 2018 letter, the AAA stated that because Zyppah had failed to pay its portion of the filing fee, the AAA would not arbitrate further matters involving Zyppah. (Davidson Decl. ¶ 8; Davidson Decl. Ex. G.)

**II.     Legal Standard**

"The [Federal Arbitration Act ('FAA')] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citation omitted) (quoting 9 U.S.C. §§ 2, 4). The FAA reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) (citations omitted) (internal quotation marks omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." Id. (citations omitted). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp., 207 F.3d at 1130 (citations omitted).

**III.    Analysis**

With his Motion, Petitioner seeks an order requiring Zyppah to participate in arbitration pursuant to the terms of his Employment Agreement. In its Opposition, Zyppah does not challenge the validity of the parties' arbitration agreement or that the agreement encompasses the parties' dispute. Zyppah contends only that relief on Petitioner's Petition and Motion must be denied because Petitioner already has received an arbitration as provided for in the parties' agreement. (Opp'n at 2-7.) Zyppah argues that as a result of the termination of the AAA arbitration for failure to pay the filing fee, an arbitration has been had and has concluded pursuant to the Employment Agreement and the AAA rules that it incorporated. (Id.)

Petitioner's Employment Agreement provided that disputes would be settled by arbitration before the AAA "in accordance with its Employment Arbitration Rules." (Pet'r's Ex. 1 at 7; Greenburg Decl. Ex. A at 7.) Under the AAA's Employment Arbitration Rules and Mediation Procedures, "[i]f arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7437 PA (AGRx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Daniel R. Allemeier Jr. v. Zyppah, Inc. | | |

order that one of them may advance the required payment. . . . If no arbitrator has yet been appointed, the AAA may suspend or terminate the proceedings." (Davidson Decl. Ex. H at 31.) The AAA and its arbitrators are given the power to interpret and apply all procedures. (Id.) The termination of the parties' arbitration was proper under the rules that the parties incorporated into their agreement.

Zyppah relies on Lifescan, Inc. v. Premier Diabetic Services, Inc., 363 F.3d 1010, 1011 (9th Cir. 2004), and Tillman v. Tillman, 825 F.3d 1069 (9th Cir. 2016), to support its argument that the AAA's termination of the arbitration precludes relief on Petitioner's Motion. (Opp'n at 5-7.) In Lifescan, the parties' agreement provided that they would arbitrate disputes before the AAA. See 363 F.3d at 1011. The respondent became unable to pay its portion of the arbitrators' fees and costs, and when the petitioner declined to pay the respondent's portion, the AAA suspended the arbitration. Id. Determining that the parties' arbitration agreement incorporated the AAA's rules and that termination of the arbitration was proper under those rules, the Ninth Circuit held that the respondent could not be compelled to arbitrate by the district court. The Ninth Circuit explained that "[u]nder the terms of the FAA, there was no 'failure, neglect, or refusal' . . . to arbitrate in this case; the arbitration has proceeded pursuant to the parties' agreement and the rules they incorporated." Id. at 1012-13. Tillman involved a different procedural setting, but the Ninth Circuit followed Lifescan in holding that the district court could not compel arbitration where the AAA had already dismissed an arbitration due to one party's inability to pay fees and the other side's refusal to cover those fees. See 825 F.3d at 1071-74.

As in Lifescan and Tillman, the AAA in this case terminated the parties' arbitration in accordance with its rules after one party (Zyppah) failed to pay arbitration fees and the other (Petitioner) declined to cover those fees. However, as Petitioner points out, Lifescan and Tillman involved a party's inability to pay required fees. (Reply at 1-6.) Here, the AAA terminated the parties' arbitration because Zyppah simply refused to pay its portion of the filing fee. (See Davidson Decl. ¶¶ 4-6.) As the District of Nevada held, Zyppah should have raised any dispute as to arbitral venue with the arbitrator. See Zyppah, 2018 WL 1932887, at *3; see also Regents of the Univ. of Cal. v. Japan Sci. & Tech. Agency, No. CV 14-04419 MMM (CWx), 2014 WL 12690187, at *5 (C.D. Cal. Oct. 16, 2014) ("When disputed, procedural matters, such as the interpretation of a forum selection clause in an arbitration provision, are matters to be decided by the arbitrator, not the court." (collecting cases)). Similarly, as the AAA manager informed Zyppah in October 2017, the AAA's rules require parties to raise any disagreements with the AAA's classification of a case (which dictates the amount and allocation of the filing fee) with the assigned arbitrator. (See Davidson Decl. Ex. H at 31-39.) And although Petitioner declined to pay Zyppah's portion of the filing fee, "the fact that the AAA arbitration rules allow the arbitrator to ask [Petitioner] whether [Petitioner] would like to pay in order to prevent termination does not create an obligation for [Petitioner] to do so, nor does it change the fact that [Zyppah] owed the unpaid fees." See Rapaport v. Soffer, No. 2:10-CV-00935-KJD-RJJ, 2011 WL 1827147, at *3 (D. Nev. May 12, 2011). Zyppah did not comply with the Employment Agreement and the AAA rules that it incorporated.

The Tillman court made clear that its ruling "does not mean that parties may refuse to arbitrate by choosing not to pay for arbitration. If [a party] ha[s] refused to pay for arbitration despite having the capacity to do so, the district court probably could still . . . compel arbitration under the FAA's provision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7437 PA (AGRx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Daniel R. Allemeier Jr. v. Zyppah, Inc. | | |

allowing such an order in the event of a party's 'failure, neglect, or refusal' to arbitrate." See Tillman, 825 F.3d at 1075 (quoting 9 U.S.C. § 4). "Even if such an arbitration has been terminated in accordance with the rules governing the arbitration, . . . it may be contrary to 'the structure and purpose of the FAA' to allow a party to an arbitration agreement to benefit from their intentional noncompliance with an arbitrator's rules." Id. at 1075 n.1 (citation omitted) (quoting Sink v. Aden Enters., 352 F.3d 1197, 1200 (9th Cir. 2003)).

The Court finds that by repeatedly refusing to pay its portion of the filing fee as determined by the AAA, attempting to compel Petitioner to arbitrate in Nevada, and continuing to oppose arbitration here, Zyppah has failed or refused to arbitrate. See 9 U.S.C. § 4; Tillman, 825 F.3d at 1075; see also Beauperthuy v. 24 Hour Fitness USA, Inc., No. 06-715 SC, 2011 WL 6014438, at *2-4 (N.D. Cal. Dec. 2, 2011) (rejecting argument that defendants were not refusing to arbitrate under the FAA because they were willing to arbitrate in another location); Jones v. General Motors Corp., 640 F. Supp. 2d 1124, 1145 (D. Ariz. 2009) ("[T]he right to compel arbitration accrues once one of the parties takes an unequivocal position that it will not arbitrate . . . . Here, Plaintiff has opposed [the] motion to enforce arbitration on numerous grounds. Plaintiff has thereby resisted arbitration and unambiguously manifested an intention not to arbitrate the subject matter of this dispute." (citations and internal quotation marks omitted)).

The Employment Agreement specifies that arbitration take place before the AAA, and Petitioner filed a demand for arbitration with the AAA in Los Angeles. Although the AAA has informed Zyppah that it will not entertain any further arbitrations involving it, Zyppah has not established that the AAA will not hear the parties' dispute if it pays its portion of the AAA's filing fee. Accordingly, the Court orders Zyppah to pay any fees that the AAA allocates to it and to comply with any other requirements that the AAA imposes.

### Conclusion

For the foregoing reasons, the Court grants Petitioner's Motion to Compel Arbitration (Docket No. 5) and Request for Leave to Supplement Petitioner's Motion to Compel Arbitration (Docket No. 6). Zyppah is ordered to submit to arbitration in accordance with its Employment Agreement with Petitioner. Zyppah is further ordered to pay any fees and comply with any requirements imposed by the AAA. The parties shall resume arbitration before the AAA in Los Angeles, California, and shall comply with any filing requirements, including paying any filing fees, on or before October 15, 2018. Each party shall file a declaration with this Court affirming its compliance with this order on or before October 22, 2018.

IT IS SO ORDERED.